DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed August 26, 2010. The facts are agreed, pleadings were submitted, and the parties did not request oral argument.
 I. STATEMENT OF FACTS
On July 28, 2009, Defendant sent to B J Development LLC a document entitled Omitted Property Notice (Notice). (Ptf's Compl, Ex 1 at 1.) In that Notice, Defendant stated that it discovered omitted property (subdivision infrastructure) and "[i]n compliance with ORS 311.219, this notice is to inform you of the Assessor's intention to add the property value [$609,728] listed below to the Assessment Roll for the year [2008-09] indicated." (Id.) The Notice stated that if B J Development LLC concluded that the property was "being added in error," or if B J Development LLC did not "agree with the value," it "must show cause why this omitted value is not correct prior to 5:00 p.m. on August 18, 2009." (Id. (emphasis in original).) The Notice also stated:
 "The increased value will result in additional taxes that will be added to the tax roll and billed to you on the 2010-2011 tax statement. Currently your account includes a notation that these additional taxes are a liability. No interest will be added to the additional tax as long as at least one third of the total amount billed on the tax statement is paid by November 15, 2010. If the total amount bill is paid in full by November 15, 2010, you will receive a 3% discount."
(Id.) (emphasis in original.) *Page 2 
A document entitled Clackamas County Assessor 2008-09 Tax Roll Correction stated that the "value modification" was entered on August 18, 2009. (Ptf's Compl, Ex 1 at 2.)
Prior to sending its Notice, Northwest Title contacted Defendant on July 8, 2009, requesting a "prepayment amount. On July 13, 2009, Defendant responded, providing Northwest Title an amount which included the additional amount for the omitted property." (Def's Declaration Jon Honl at 1.) On July 23, 2009, Plaintiff paid the property "taxes due on the property, including the additional amount for the omitted property, prior to the date for the correction of the roll to add the omitted property." (Id. at 2.)
Plaintiff's Complaint was filed July 23, 2010. In its Complaint, Plaintiff alleges that because Defendant failed "to comply with the statutory certified mail notice requirements, a lawful correction of the roll has not occurred." (Ptf's Compl at 2.) In response to Plaintiff's Complaint, Defendant filed a Motion to Dismiss, alleging that Plaintiff failed to timely file an appeal of its Notice. (Def's Mot to Dismiss at 2.) Plaintiff alleges that "by definition, the correction of the tax roll has not been lawfully completed from which to compute `90 days after the correction of the roll'" because Defendant "failed to comply with the certified mail notice [statutory requirement] after correction of the assessment or tax roll * * *." (Ptf's Resp to Def's Reply at 2) (emphasis in original).) Plaintiff also alleges that its Complaint was filed within the allowable time periods set forth in ORS 305.280(1). (Ptf's Memo in Opposition to Mot to Dismiss at 1.) *Page 3 
 II. ANALYSIS
Plaintiff appeals Defendant's correction of the tax roll and assessment of additional property taxes for property identified by Defendant as previously omitted from the tax roll. Plaintiff's right of appeal to Defendant's correction of the tax roll for omitted property is found in ORS 311.223(4)[1] which states:
 "Any person aggrieved by an assessment made under ORS 311.216 to 311.232 may appeal to the tax court within 90 days after the correction of the roll * * *."
It is undisputed that Defendant's 2008-09 correction to the tax roll was entered on August 18, 2009. (Ptf's Compl, Ex 1 at 2.) Plaintiff's Complaint was filed July 23, 2010. Plaintiff's Complaint was not filed "within 90 days after the correction of the roll." ORS 311.223(4).
Plaintiff alleges that because Defendant "failed to comply with the certified mail notice [statutory requirement] after
correction of the assessment or tax roll * * * thereby rendering [the] notice null and void" and therefore, "by definition, the correction of the tax roll has not been lawfully completed from which to compute `90 days after the correction of the roll.'" (Ptf's Resp to Def's Reply at 2 (emphasis in original).) The statute only requires that the roll be corrected in order for appeal rights to exist for a "person aggrieved by an assessment made under ORS 311.216 to 311.232." ORS 311.223(4). The language "lawfully completed" does not appear in the statute. ORS 174.010 provides that courts may not "insert what has been omitted" from a statute when ascertaining the meaning of the statutory provision. In this case, the tax roll was corrected on August 18, 2009, and Plaintiff had 90 days from that date to file its appeal. Plaintiff's appeal was filed more than 90 days after the tax roll was corrected. *Page 4 
Plaintiff also alleges that its Complaint was filed within the allowable time periods set forth in ORS 305.280(1). ORS 305.280(1) provides:
 "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order of determination has been made."
Plaintiff paid the property taxes assessed for the omitted property on July 23, 2009, prior to the date the Notice was mailed. On that date, if not earlier, Plaintiff had knowledge of Defendant's determination and the subsequent correction of the tax roll on August 18, 2009. Plaintiff's Complaint was not filed with the time period set forth in ORS 305.280(1). Further, this court has previously concluded that ORS 305.275 and ORS 305.280 are not applicable appeal provisions for appeal from an omitted property assessment. See AT T Wireless Services of Oregon,Inc. v. Jackson County Assessor, TC-MD No 021068E (May 22, 2003).
 III. CONCLUSION
Because Plaintiff failed to timely appeal Defendant's action within 90 days of the correction as required by ORS 311.223(4), Plaintiff's appeal should be dismissed. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR. *Page 5 
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on February 9, 2011. The Court filed and entered thisdocument on February 9, 2011.
[1] References to the Oregon Revised Statutes (ORS) are to 2007. *Page 1